IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Earnest Vaughn, Sr., | ) | C/A No. 6:25-cv-13381-JDA-KFM |
| Plaintiff, | ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) | |
| SCDC Health Services, Roxanne LaPointe, D. Phillips, S. Wachter, N. McFadden, Ofc. Bowman, Dr. Way, | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's motion for a preliminary injunction (doc. 4). The plaintiff, a state prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and currently located at Turbeville Correctional Institution ("Turbeville") proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983, seeking damages and injunctive relief from the defendants. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

The plaintiff's complaint was entered on the docket on November 12, 2025 (doc. 1). The plaintiff's complaint contends that his rights have been violated due to deficient medical care from 2022 to the present (*id.*). With his complaint, the plaintiff filed a motion for a preliminary injunction (doc. 4). In the motion, the plaintiff seeks to have the three strikes ban ignored in this case and that he be immediately released so that he can receive the necessary medical treatment from outside medical providers because he is not a flight risk or danger to the community (*id.* at 6). The plaintiff's motion also notes that the plaintiff was not ill upon entering SCDC custody and did not have hepatitis C until Dr. Way

indicated that the plaintiff was diabetic and had hepatitis C (*id*. at 1–2). The plaintiff also contends that his convictions are invalid because of improper indictments, that his bond was revoked based on false statements, the trial was staged with fabricated evidence, and the Attorney General's office conspired with the plaintiff's lawyer to ensure the plaintiff was convicted (*id*. at 2–3). The plaintiff contends that the Attorney General then started conspiring with medical officials at SCDC to ensure that the plaintiff would die from being over-medicated so he would not be able to pursue his challenge to his convictions (*id*. at 3–4). The plaintiff contends that this conspiracy is why he was given a second round of hepatitis C treatment, but the plaintiff stopped taking the medicine (*id*. at 4). The plaintiff contends that their improper conduct continued through his federal habeas challenge to the convictions (*id*. at 4–5). As addressed below, the undersigned recommends that the plaintiff's motion be denied.

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds by* 559 U.S. 1089 (2010), *reinstated in relevant part on remand by* 607 F.3d 355 (4th Cir. 2010). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 20–23; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. *See Real Truth*, 575 F.3d at 346–47. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 24).

2

Here, the motion should be denied because the plaintiff has not shown that he is likely to succeed on the merits of his claims. First, the plaintiff's claims of a conspiracy between the Attorney General and SCDC employees to kill him to prevent him from challenging his convictions is not part of the claims (or parties) asserted in the plaintiff's complaint. Additionally, the asserted conspiracy appears baseless and frivolous. *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (noting that it is well-settled that the court has the authority to dismiss claims "whose factual contentions are clearly baseless." (citation omitted)). Further, the plaintiff's complaint concedes that the plaintiff has been provided medical treatment – just not the treatment of his choice, but the plaintiff is not constitutionally entitled to the treatment of his choice. *See Sharpe v. S.C. Dep't of Corrs.*, 621 F. App'x 732, 733 (4th Cir. 2015) (unpublished per curiam opinion) (noting that "mere disagreement between an inmate and medical staff regarding the proper course of treatment provides no basis for relief" under § 1983 (citing *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975))). The plaintiff has also not shown that he will suffer irreparable harm by continuing medical treatment with SCDC – especially in light of his concessions that he does not always take the medicine that is prescribed to him (*see* doc. 1 at 10). Further, the plaintiff's requested relief of a release from SCDC custody may not be provided in a § 1983 action. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973))). In light of the foregoing, the plaintiff has not shown that he is likely to succeed on the merits of his claims for purposes of his motion for a preliminary injunction. Accordingly, the undersigned recommends that the plaintiff's motion for a preliminary injunction be denied.

3

## RECOMMENDATION

Based upon the foregoing, the plaintiff's motion for a preliminary injunction (doc. 4) should be denied.

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>
United States Magistrate Judge

November 21, 2025
Greenville, South Carolina

**The attention of the parties is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

   The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

   Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

   **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).